FILED - GR
December 22, 2008 2:35 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald____/_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MUSKEGON COUNTY, MICHIGAN,

    Defendant.

Civil Action No. **1:08-cv-1214**
**Paul L Maloney**
**Chief U.S. District Judge**

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, United States of America, alleges:

1. This action is brought on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

2. This Court has jurisdiction of the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345.

3. Defendant Muskegon County, Michigan ("the County" or "Defendant"), is a corporate, governmental body and a political subdivision of the State of Michigan, established pursuant to the laws of Michigan.

4. The County is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

5. On or about December 7, 1999, Eva Amaya (hereinafter "Amaya"), began working as a Microcomputer Analyst in the District Court of Muskegon County. Amaya's direct supervisor was District Court Administrator Michael Flanery (hereinafter "Flanery").

6. In February 2000, Amaya reported to Flanery that coworker Eugene Beene (hereinafter "Beene") had made inappropriate sexual comments to her and had inappropriately touched her.

7. Flanery reported Amaya's complaint to Beene's supervisor, Patricia Steele, who suggested that Amaya keep the office blinds open to deter future harassment. The County took no further action on Amaya's complaint.

8. Following Amaya's complaint in February 2000, Amaya reported to Flanery other instances of inappropriate sexual comments and touching, which included Beene touching her breast and behind. No action was taken by the County in response to her complaints and the sexual harassment continued until Beene's termination in 2006.

9. Prior to and following Amaya's complaints, numerous other women employed by the County complained about, or were subjected to, inappropriate sexual touching by Beene, thus placing the County on clear notice that Beene was a serial harasser.

10. Despite the serial nature and severity of Beene's conduct, he remained employed by the County with unrestricted access to the work areas of the female victims whom he had harassed, including Amaya. As a result, the hostile work environment continued unabated.

11. In March 2006, the County terminated Beene, but only after he inappropriately touched yet another female victim in the workplace who elected to press criminal charges against him for the unwelcome sexual contact.

12. By its conduct, the County has discriminated against Amaya in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), among other ways, by:

 (a) creating and maintaining a hostile work environment sufficiently severe or pervasive to alter the terms, conditions or privileges of her employment;

 (b) failing or refusing to take prompt or adequate remedial action in response to her complaints of sexual harassment; and

 (c) failing or refusing to take prompt or adequate remedial action in response to sexual harassment complaints of other employees, thereby allowing the harassment of Amaya and others to continue.

13. The Equal Employment Opportunity Commission ("EEOC") received a timely charge (Charge No. 471-2007-00437) filed by Amaya on or about November 13, 2006, alleging that she was subjected to sexual harassment thereby creating a hostile work environment. Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5, the EEOC investigated the charge, found reasonable cause to believe that Amaya's allegations of sexual harassment were true, attempted unsuccessfully to achieve through conciliation a voluntary resolution of the charge, and subsequently referred the matter to the Department of Justice.

14. All conditions precedent to the filing of suit have been performed or have occurred.

 WHEREFORE, the United States prays that the Court grant the following relief:

 (a) enjoin the County from failing to take appropriate action in response to employee complaints of sexual harassment;

 (b) order the County to provide sufficient remedial relief to Amaya to make her whole for the loss she has suffered as a result of the sexual harassment alleged in this Complaint;

      (c)    award compensatory damages to Amaya to fully compensate her for the injuries caused by the County's discriminatory conduct, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

      (d)    award such additional relief as justice may require, together with the United States' costs and disbursements in this action.

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

Dated: December 22, 2008

Respectfully submitted,

DONALD A. DAVIS
United States Attorney

CAROLYN A. ALMASSIAN
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
616-456-2404
Email: Carolyn.Almassian@usdoj.gov

By:

GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

JOHN M. GADZICHOWSKI
Chief (WI Bar No. 1014294)

ESTHER LANDER
Deputy Chief (DC Bar No. 461316)
LESLIE M. GARDNER
Senior Trial Attorney (CA Bar No. 228693)

Employment Litigation Section, PHB
Civil Rights Division
United States Department of Justice
950 Constitution Avenue, NW, Room 4038
Washington, DC 20530
(202) 307-3925
(202) 514-1005 (fax)