UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MUSKEGON COUNTY, MICHIGAN,

        Defendant.

Civil Action No. 1:08-cv-1214

Honorable Paul L. Maloney
Chief United States District Judge

Carolyn A. Almassian P63299)
U.S. Attorney's Office
The Law Building
330 Ionia Avenue, NW
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Email: Carolyn.Almassian@usdoj.gov

Theodore N. Williams, Jr. (P32291)
Eric C. Grimm (P58990)
Williams, Hughes & Cook, PLLC
120 West Apple Avenue
P.O. Box 599
Muskegon, MI 49443-0599
(231) 726-4857
Email: tedwilliams@whcspc.com

**DEFENDANT'S MOTION FOR A MORE
DEFINITE STATEMENT OR ALTERNATIVELY TO DISMISS**

Defendant, the County of Muskegon, Under FED. R. CIV. P. 12(e) and 12(b)(6), respectfully moves for a more definite statement or, alternatively, to dismiss. It is for the reason that the Government completely fails to allege (1) any of the dates on which co-worker harassment allegedly took place; (2) what specifically occurred, if anything; (3) the dates on which, or circumstances in which, any post-**February, 2000**, communication (if any) was made to the employer by the Charging Party, complaining about alleged harassment; or (4) the employer's response at any time other than **February, 2000**.[1]  The reason that the Government's allegations are vague, amorphous, and non-specific is that the facts do not favor the

---

[1] The employer certainly does not concede that the facts related to the alleged February, 2000 complaint are as alleged. We believe that these are exaggerated as well.

Government's case.  The Complaint, as presently stated, is so vague and ambiguous that it is impossible for the Defendant to formulate a response.

If the Government were to provide the actual details, it would be revealed:

(1) That the Government's case is time-barred, because the only conduct by the employer within the 300-day statutory window to file a charge with the EEOC, was fully consistent with law, and created a permanent and effective solution to all alleged harassment reported by anyone within the 300-day limitations period;

(2) That the Government's case also suffers from the fact that there was a five-year gap in Eugene Beene's (the alleged harasser's) behavior, making clear that Beene's conduct was isolated and sporadic, not so "severe or pervasive" as to meet the legal test for a hostile work environment; and

(3) That the employer, far from exhibiting any attitude of permissiveness, in fact took strong, escalating, and appropriate action, based on the information then available, relating to any allegations received concerning Eugene Beene, ultimately resulting in his termination.

Importantly, the Government completely fails to acknowledge the reality that Eugene Beene, the alleged co-worker harasser, was administered formal discipline on August 1, 2001, and specifically was informed that any further behavior on his part would result in immediate termination.  This disciplinary action against Beene fully satisfied the governing legal standard,[2] because it was not only reasonably calculated to end the behavior, but was in fact effective to end the behavior for a period of nearly *five years*.  It is undisputed that Muskegon County, the

---

[2] The legal standard is simply that the employer's actions must be "reasonably calculated" to end the harassment.  Jackson v. Quanex Corp., 191 F.3d 647, 663 (6th Cir. 1999).  Mere negligence in fashioning a remedy is *not sufficient* for the employer to incur liability.  Blankenship v. Parke Care Centers, Inc., 123 F.3d 868, 873 (6th Cir. 1997); Nievaard v. Ann Arbor, 124 Fed. Appx. 948, 954 (6th Cir. 2005).

It is inappropriate for a Title VII plaintiff to engage in a *post hoc* effort to dictate what the employer's response should have been.  Blankenship, 123 F.3d at 874

employer, received no further complaints about Beene until April, 2006, at which time the additional complaint was promptly investigated, and Beene was fired.  The Government glosses over this reality and suggests inaccurately that the County did nothing.  That is completely untrue.

The Complaint does not contain factual allegations sufficient to address the governing legal standard – namely, that the County's actions would have to be shown by the Government to have exhibited such an attitude of permissiveness as to create a hostile work environment. McCombs v. Meijer, Inc., 395 F.3d 346, 353 (6th Cir. 2005).  The employer's actions – quite the opposite – affirmatively demonstrated non-permissiveness, and were reasonably calculated to end the behavior of Eugene Beene.  By failing to raise sufficient allegations to the contrary, the Government has filed a pleading that lacks sufficient clarity and detail as to warrant a response.

The *five-year gap*, in this case, is critically important, in light of the statutory 300-day window in which to file a Charge.  *Even if* the Charging Party's allegations about what purportedly happened in February, 2000, were true (and the employer certainly does not concede this point), the fact remains that neither the Charging Party nor the Government can make out a case based on the February, 2000, events, unless a Charge was filed with the EEOC by early 2001, at the latest.

The Government should be required, at a minimum, to provide a more definite statement, in order to attempt to address the short-comings and gaps in its case that have been glossed over in the currently-filed Complaint.  Alternatively, the case should be dismissed on the merits because it is time-barred, and the Government cannot marshal sufficient facts to overcome the reality that Muskegon County, not only in February, 2000, but again in August, 2001, and again in 2006, took strong and effective remedial measures fully sufficient to meet the legal standard

and to preclude liability under Title VII.  The Defendant respectfully prays for a more definite statement, or for dismissal.

                                                       Respectfully submitted,

Dated:   January 8, 2009                WILLIAMS, HUGHES & COOK, PLLC

                                          By:  /s/Theodore N. Williams, Jr.
                                                 Theodore N. Williams, Jr. (P32291)
                                                 Eric C. Grimm (P58990)
                                                 Counsel for Defendant
                                            Business Address:
                                                 120 West Apple Avenue
                                                 P.O. Box 599
                                                 Muskegon, Michigan 49443-0599
                                            Telephone: (231) 726-4857

## CERTIFICATE OF SERVICE

      I certify that the foregoing Motion for a More Definite Statement or Alternatively to Dismiss was filed electronically through the Court's ECF system on January 8, 2009.  Notice of the filing and a copy of the Motion will be automatically transmitted by the ECF system to all counsel of record.

Dated:   January 8, 2009                WILLIAMS, HUGHES & COOK, PLLC

                                            By:  /s/Theodore N. Williams, Jr.
                                                 Theodore N. Williams, Jr. (P32291)
                                                 Eric C. Grimm (P58990)
                                                 Counsel for Defendant
                                            Business Address:
                                                 120 West Apple Avenue
                                                 P.O. Box 599
                                                 Muskegon, Michigan 49443-0599
                                            Telephone: (231) 726-4857