UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MUSKEGON COUNTY, MICHIGAN,

        Defendant.

Civil Action No. 1:08-cv-1214

Honorable Paul L. Maloney
Chief United States District Judge

Carolyn A. Almassian P63299)
U.S. Attorney's Office
The Law Building
330 Ionia Avenue, NW
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Email: Carolyn.Almassian@usdoj.gov

Theodore N. Williams, Jr. (P32291)
Eric C. Grimm (P58990)
Williams, Hughes & Cook, PLLC
120 West Apple Avenue
P.O. Box 599
Muskegon, MI 49443-0599
(231) 726-4857
Email: tedwilliams@whcspc.com

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR
A MORE DEFINITE STATEMENT OR, ALTERNATIVELY, TO DISMISS**

    It is critical to note that *respondeat superior* liability does not exist in a co-worker harassment case. The predicate for a hostile work environment case involving co-worker behavior, is not satisfied merely by allegations concerning the actions of the allegedly harassing co-worker, but actually requires some culpable conduct **by the employer**. "Employer liability for co-worker harassment is based directly on the *employer's* conduct," not the co-worker's conduct. Hafford v. Seidner, 183 F.3d 506, 513 (6th Cir. 1999). "The act of discrimination by the employer in such a case is **not the harassment**," but rather can only give rise to liability if there is an "**inappropriate response** to the charges of harassment." McCombs v. Meijer, Inc., 395 F.3d 346, 353 (6th Cir. 2005) (emphasis added) (quoting Blankenship v. Parke Care Ctrs., Inc., 123 F.3d 868, 873 (6th Cir. 1997)).

"[A] harassment victim may not dictate an employer's action against a co-worker." Blankenship, 123 F.3d at 874.  Further, mere negligence in fashioning a remedy is not sufficient for the employer to incur liability.  Blankenship, 123 F.3d at 873.  An employer can only be held liable "if it 'knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action.'" Hafford, 183 F.3d at 513 (quoting Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 804 (6th Cir. 1994)); Swanson v. Livingston County, 121 Fed. Appx. 80, 84 (6th Cir. 2005).  In determining whether a response was "prompt and appropriate," again, mere negligence in fashioning a remedy is *not sufficient* for the employer to incur liability.  Blankenship, 123 F.3d at 873 (6th Cir. 1997); Nievaard v. Ann Arbor, 124 Fed. Appx. 948, 954 (6th Cir. 2005).

> [The Sixth Circuit] has found that when the allegations of sexual harassment involve a coworker and the employer has fashioned a response, the employer will only be liable "if its response manifests ***indifference or unreasonableness in light of the facts*** the employer knew or should have known.  The act of discrimination by the employer in such a case is not the harassment, but rather the inappropriate response to the charges of harassment."  Thus, an employer who implements a remedy "can be liable for sex discrimination in violation of Title VII only if that remedy exhibits ***such indifference as to indicate an attitude of permissiveness*** that amounts to discrimination." McCombs v. Meijer, Inc., 395 F.3d 346, 353 (6th Cir. 2005) (quoting Blankenship, 123 F.3d at 873) (internal citations omitted).

Generally, a response is adequate if it is reasonably calculated to end the harassment.  Jackson v. Quanex Corp., 191 F.3d 647, 663 (6th Cir.1999).

Here, it is impossible for the Government to show that the County of Muskegon (especially within the statutory 300-day window),[1] engaged in any culpable conduct.  Rather, the facts are as follows.  On March 30, 2006, a Circuit Court worker by the name of Rae Dickerson-McGee reported that Eugene Beene had touched her on the behind.  A co-worker, Shanavia

---

[1] The date of the Charge, in this case, was November 13, 2006.  The 300-day window commenced on January 7, 2006.  Prior conduct does not give rise to a viable Title VII claim, unless the *employer* triggered liability during the 300-day window.

Canales, was present at the time, and did not see anything happen.  Nevertheless, the report was taken very seriously by Circuit Court management, which initiated a prompt investigation of Beene's conduct.  Paul Wishka, the Deputy Family Court Administrator, was immediately tasked with uncovering the facts and interviewing other workers who Dickerson-McGee said also had been touched by Beene.  It was Wishka who encouraged Dickerson-McGee to make a criminal complaint against Beene, also.  The investigation determined that unwelcome touching had in fact occurred, and Eugene Beene was promptly terminated on April 19, 2006.  Given this response, it can hardly be argued or alleged (and it is not, in fact, directly addressed in the allegations) that had the County known of the behavior sooner, it would not have acted sooner.  This swift response to an employee complaint obliterates any claim that the County exhibited any "attitude of permissiveness."

Moreover, outside the 300-day window, the County's actions also were appropriate and did not indicate any attitude of tolerance or permissiveness so as to create a hostile work environment.  In fact, on August 1, 2001 (this was *after* any events in February, 2000 alleged in the Complaint), formal disciplinary proceedings were taken against Eugene Beene, and Beene was informed that any further behavior on Beene's part would result in his immediate termination.  This remedy was apparently effective for a long period of time, from the standpoint of Circuit Court administration, because no further complaints or adverse information about Beene came to light for a period of *five years*.  The government alleges no facts to the contrary.

Under these circumstances, the Government has completely failed to allege sufficient facts to overcome the reality of the Circuit Court administration's strong and effective remedial measures taken against Beene.  If the Government actually has a response to this, they should be required to allege it in their pleadings.  Instead, their only allegations in this regard – in Paragraph 10 of their Complaint – constitute nothing more than a post-hoc effort to "dictate an

employer's action against [the] co-worker," in clear violation of the Blankenship, 123 F.3d at 874, decision.

Moreover, further detail in the pleadings should be required in order to address the critical question of whether a hostile work environment actually existed at all. Based on the allegations in the pleadings (which only date one incident to February 2000), the allegations concerning Beene simply do not rise to the level of establishing an objectively "severe or pervasive" hostile work environment.

Simply put, the isolated and sporadic conduct of Mr. Beene – while inappropriate in the workplace, and certainly constituting ample justification for disciplinary action to be taken by the County against Beene – was never severe or pervasive enough to create an objectively[2] hostile work environment. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 271 (2001) ("sexual harassment is actionable under Title VII only if it is 'so "severe or pervasive" as to "alter the conditions of [the victim's] employment and create an abusive working environment."'") (quoting Meritor Sav. Bank v. Vinson, 477 U.S. 57, 67 (1986), and Faragher v. Boca Raton, 524 U. S. 775, 786 (1998));  Harris v. Forklift Sys., 510 U.S. 17, 21-23 (1993); Bowman v. Shawnee State Univ., 220 F.3d 456, 463-64 (6th Cir. 2000) (isolated allegations, such as rubbing of shoulder or grabbing of buttocks, did not constitute conduct pervasive or severe enough to constitute hostile work environment); Burnett v. Tyco Corp., 203 F.3d 980, 984-85 (6th Cir. 2000) (instances of conduct were not sufficiently severe and pervasive enough to create an objectively hostile work environment); Morris v. Oldham County Fiscal Court, 201 F.3d 784, 790 (6th Cir. 2000) (same). In order to establish a hostile work environment claim, an employee must show the following: 1)

---

[2]"Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment – an environment that a reasonable person would find hostile or abusive – is beyond Title VII's purview.  Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation." Harris v. Forklift Sys., 510 U.S. 17, 21-22 (1993).

the employee is a member of a protected class, 2) the employee was subject to unwelcomed sexual harassment, 3) the harassment was based on the employee's sex, 4) the harassment created a hostile work environment, and 5) the existence of employer liability.  Hafford v. Seidner, 183 F.3d 506, 512 (6th Cir. 1999); see also Williams v. General Motors Corp., 187 F.3d 553, 560-61 (6th Cir. 1999).  A hostile work environment occurs "[w]hen the workplace is *permeated* with discriminatory intimidation, ridicule, and insult that is sufficiently *severe or pervasive* to alter the conditions of the victim's employment and create an abusive working environment.'"  Bowman, 220 F.3d at 463 (quoting Harris v. Forklift Sys., 510 U.S. 17, 21 (1993)).

Both an objective and a subjective test must be met: The conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive and the victim must subjectively regard that environment as abusive.  Harris, 510 U.S. at 21-22. "Simple teasing, offhand comments, and isolated incidents (unless *extremely* serious) will not amount to discriminatory changes in the terms and conditions of employment." Morris v. Oldham County Fiscal Court, 201 F.3d 784, 790 (6th Cir. 2000) (quoting Faragher, 524 U.S. at 788); see also Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 270-71 (2001); Bowman, 220 F.3d at 463.

The Complaint in this case suffers from a third critical, fatal defect.  Importantly, this entire case is time-barred because there was no culpable conduct *by the employer*, within the statutory 300-day window established under Title VII.  All the Government alleges is employer conduct that dates back more than *five years* prior to the filing of any EEOC Charge by the Charging Party.  In order for there to be any case, based on this ancient history, the time for the filing of an EEOC charge would have been within 300 days of the time that Patricia Steele's alleged actions took place in 2000 or 2001.[3]

---

[3]The County does not concede that any liability can be predicated on Patricia Steele's alleged response to Eva Amaya's communication to Mike Flannery in 2000.  The content of the communication was not as alleged in

In <u>Morgan v. National R.R. Passenger Corp.</u>, 536 U.S. 101 (2002), a case involving alleged harassment by superiors, rather than co-worker harassment, the U.S. Supreme Court recognized a different standard for hostile work environment cases than for other discrimination cases.  However, even though a hostile work environment, extending over time can constitute a single "ulawful employment practice," it is still only an "unlawful employment practice," if the ***employer*** engages in the practice (not merely the co-worker).[4]  <u>McCombs v. Meijer, Inc.</u>, 395 F.3d 346, 353 (6th Cir. 2005); <u>Hafford v. Seidner</u>, 183 F.3d 506, 513 (6th Cir. 1999); <u>Blankenship v. Parke Care Centers, Inc.</u>, 123 F.3d 868, 873 (6th Cir. 1997)); <u>see also</u> <u>Morgan</u>, at 117 (looking to whether "the ***employer*** has engaged in enough activity," not to whether a co-worker has engaged in activity) (emphasis added).  In order to overcome the Title VII 300-day statute of limitations, the Government would need to show that "an act [by the ***employer***] contributing to the claim occur[ed] within the filing period." <u>Morgan</u>, at 117.  Here, it is impossible for the Government to fulfill the requirements of <u>Morgan</u>, because the Circuit Court administration did not in any way exhibit – within the 300-day window – any attitude of permissiveness at all, and certainly no such thing rising to the level to serve as a predicate for Title VII liability.  During the 300-day window, it is undisputed that the Circuit Court administration conducted a prompt and thorough investigation of charges against Eugene Beene, and discharged him, thereby permanently solving any issues relating to alleged sexual harassment.  The legal standard in this case simply is not met.  No Charge was filed within 300 days of the February, 2000, events on which the Government seeks to base its claim.  And absolutely nothing occurring within the 300-

---

the Complaint.  Moreover, based on what Patricia Steele actually knew at the time, her actions were reasonably calculated to address the situation.

[4]The Government's allegations are far too vague and non-specific to determine whether any behavior by Eugene Beene actually occurred within 300 days of the filing of the Charge, and the Government should be required to provide details with specificity.  But the key point is that the ***employer*** certainly did not engage in any "unlawful employment practice," or any part of one, within the 300-day window.

day window serves as a basis to revive the February 2000 claim.  The Government's case should therefore be dismissed on its face on three grounds:

(1) It is time-barred;

(2) There are insufficient allegations to support the existence of any hostile work environment; and

(3) The Circuit Court administration's actions were reasonable and do not support a hostile work environment case, based on the standard that applies in this co-worker case. These defects in the Government's case are precisely the reason why the Government makes amorphous and non-specific allegations, and simply does not allege the dates and times on which anything happened, or what allegedly happened on those dates.  The case should be dismissed in its entirety.  Alternatively, and if the case is not dismissed outright and immediately, the Government should be required to plead its case in sufficient detail to inform the County of what the Government's case actually is based upon.

## CONCLUSION

The Defendant, the County of Muskegon, respectfully prays that the lawsuit be dismissed, or alternatively, that the Government be required to make a more definite statement of its claims, under FED. R. CIV. P. 12(e).

                              Respectfully submitted,

Dated:   January 8, 2009          WILLIAMS, HUGHES & COOK, PLLC

                              By:  /s/Theodore N. Williams, Jr.
                                  Theodore N. Williams, Jr. (P32291)
                                  Eric C. Grimm (P58990)
                                  Counsel for Defendant
                          Business Address:
                                  120 West Apple Avenue
                                  P.O. Box 599
                                  Muskegon, Michigan 49443-0599
                          Telephone: (231) 726-4857

## CERTIFICATE OF SERVICE

      I certify that the foregoing Memorandum in Support of Motion for a More Definite Statement or Alternatively to Dismiss was filed electronically through the Court's ECF system on January 8, 2009.  Notice of the filing and a copy of the Motion will be automatically transmitted by the ECF system to all counsel of record.

Dated:   January 8, 2009               WILLIAMS, HUGHES & COOK, PLLC

                                              By:  /s/Theodore N. Williams, Jr.
                                                      Theodore N. Williams, Jr. (P32291)
                                                      Eric C. Grimm (P58990)
                                                      Counsel for Defendant
                                         Business Address:
                                                      120 West Apple Avenue
                                                      P.O. Box 599
                                                      Muskegon, Michigan 49443-0599
                                         Telephone: (231) 726-4857