UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MUSKEGON COUNTY,

    Defendant.

Civil Action No. 1:08-cv-1214

## PLAINTIFF UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT OR ALTERNATIVELY TO DISMISS

Plaintiff United States opposes defendant Muskegon County's Motion for a More Definite Statement or Alternatively to Dismiss. As discussed below, the United States' Complaint conforms with the pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure.[1] The County is capable of framing a responsive pleading and its claims to the contrary are baseless. The County's arguments for dismissal similarly lack merit, as the Complaint clearly states a claim upon which relief can be granted.

---

[1] Rule 8(a) of the Federal Rules of Civil Procedure states that: A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a).

1

I.     **FACTUAL BACKGROUND**

On December 22, 2008 the United States filed a Complaint against defendant Muskegon County, Michigan ("the County"), alleging that the County violated Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e, *et seq.* ("Title VII") by subjecting Eva Amaya ("Amaya") to a hostile work environment. *See* Complaint ("Compl."), Docket No 1. Specifically, the Complaint alleges that Amaya's coworker, Eugene Beene, made "inappropriate sexual comments to her and had inappropriately touched her." Compl. ¶ 6. The Complaint further alleges that Amaya initially complained to her supervisor, Michael Flanery, in February 2000, but that no action was taken in response to her complaint, beyond a suggestion that Amaya keep the blinds open in the office that she shared with Beene. *See id.* ¶ 7.

The Complaint next alleges that following Amaya's complaint in 2000, she continued to report "other instances of inappropriate sexual comments and touching, which included Beene touching her breast and behind." *Id.* ¶ 8. However, because the County failed to act upon Amaya's initial or subsequent complaints "the sexual harassment [of Amaya] continued until Beene's termination" in "March 2006." *Id.* ¶¶ 8, 11. The Complaint further points out that "[p]rior to and following Amaya's complaint in February 2000, numerous other women employed by the County complained about, or were subjected to, inappropriate sexual touching by Beene, thus placing the County on clear notice that Beene was a serial harasser." *Id.* ¶ 9. Finally, the Complaint states that "[d]espite the serial nature and severity of Beene's conduct, he remained employed by the County with unrestricted access to the work areas of the female victims whom he had harassed, including Amaya. *As a result, the hostile work environment continued unabated.*" Compl. ¶ 10 (emphasis added).

2

The Complaint's allegations conclude by stating that Amaya filed a timely charge of discrimination with the EEOC on November 13, 2006; that the EEOC investigated the charge and concluded Amaya's allegations were true; and that the EEOC referred the matter to the Department of Justice following unsuccessful efforts to voluntarily resolve the matter through conciliation. *See id.* ¶ 13.

## II. ARGUMENT

### A. The County Is Not Entitled to a More Definite Statement

A motion for a more definite statement is proper only if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Given the liberal pleading standard of Rule 8, motions for a more definite statement are disfavored. *See Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 132 (5th Cir. 1959). "'Polishing the pleadings by means of motion practice is rarely worth the effort'" since "[a]ny evidentiary detail a defendant may require is more properly the subject of discovery." *Compuware v. Int'l Business Machines,* 259 F. Supp. 2d 597, 600 (E.D. Mich. 2002) (quoting 5 Charles A. Wright & Arthur A. Miller, Federal Practice and Procedure, § 1218, at 186 (1990) and citing *Communities for Equity v. Michigan High School Athletics Assoc.,* 26 F. Supp. 2d 1001, 1009 (W.D. Mich. 1998)); *see also Mitchell,* 269 F.2d at 132 (a party may not use a Rule 12(e) motion as a substitute for discovery).

As the United States Supreme Court stated in *Erickson v Pardus,* 127 S.Ct 2197 (2007), "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 2200 (quoting *Bell Atlantic Corp. v Twombly,* 127 S.Ct. 1955, 1964 (2007)). "Specific facts are not necessary; the statement need

3

only 'give the defendant fair notice of what ... the claim is and the grounds upon which it rests.'" *Id.* Further, the Supreme Court has made clear that there is no heightened pleading requirement for employment discrimination complaints. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 513 (2002). Rather, as with most civil actions, complaints in employment discrimination actions need only satisfy the simple notice pleading requirements of Rule 8(a) of the Federal Rule of Civil Procedure. *See id.*

The United States' Complaint not only meets, but exceeds the Rule 8(a) standard. It alleges, among other things, (i) when Amaya first reported to her supervisor that she was being harassed, *see* Compl. ¶ 7; (ii) the name of her harasser, *see* Compl. ¶ 6; (iii) the name of the supervisor to whom Amaya repeatedly reported the continuing harassment, *see* Compl. ¶ 7; (iv) the duration of both the repeated harassment and her repeated complaints to her supervisor (February 2000 until March 2006), *see* Compl. ¶¶ 6, 7, 8, 11; (v) the fact that others had also experienced and complained about harassment by the same harasser, *see* Compl. ¶¶ 9, 10; and (vi) the fact that the harassing conduct continued unabated until the harasser's termination in March 2006, *see* Compl. ¶¶ 8, 10, 11. In addition, the United States' Complaint includes factual examples of the harassment to which Amaya was subjected, including inappropriate sexual comments and having her breast and behind touched. *See* Compl. ¶¶ 6, 8. Finally, the Complaint demonstrates that all prerequisites to the filing of suit had been complied with since Amaya filed a charge of discrimination with the EEOC in November 2006, which is within 300 days of Beene's termination in March 2006. *See* Compl. ¶¶ 8, 10, 11, 13. Accordingly, the United States' Complaint is sufficiently definite to enable the County to know with what it is charged and to permit the County to prepare a response.

In fact, the County's memorandum plainly establishes that it has sufficient information to substantively respond to the Complaint. For example, the County's memorandum sets forth a number of defensive allegations, unsupported by a shred of record evidence, to controvert the Complaint, including unsupported allegations as to the reasonableness of the County's response to documented complaints of harassment in 2001 and 2006 (*see* Def's Mem. at 2-4). In addition, the County asserts that the harassment was neither severe nor pervasive, and that the Complaint is time-barred based upon the 300-day charge filing period (*see* Def's Mem. at 4-6). While the United States disputes these defenses, the County's own memorandum in support of its motion belies its assertion that the Complaint is so vague that it cannot formulate a response.

B.  **The County's Arguments for Dismissal Lack Merit**

In the alternative to a more definite statement, the County asks the Court to dismiss the United States' complaint as "deficient on its face" for three reasons: (i) it is time barred; (ii) there are insufficient allegations to support the existence of a hostile work environment; and (iii) the employer acted reasonably based upon allegations of co-worker harassment. *See* Def's Mem. at 7. When considering a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff, which includes accepting all factual allegations as true, and determine whether the plaintiff can show any set of facts consistent with the allegations in the complaint. *See Perry v. Am. Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003); *Bell v. Twombly*, 127 at 1969. A motion to dismiss may not be granted simply based upon a disbelief of a complainant's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). Further, it is well settled that when an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *See Claybrook v.*

5

*Birchwell,* 199 F.3d 350, 354 n.1 (6th Cir. 2000) (and cases cited therein). As demonstrated below, the United States' complaint is not "deficient on its face," nor subject to dismissal based on any of the three reasons offered by the County.

### 1. **The Complaint is not time barred**

The County's assertion that the United States' Complaint fails to allege a timely violation of Title VII is false. The Supreme Court addressed the standard by which to assess timeliness with respect to repeated, ongoing harassment actions, recognizing that a "hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice'." *National Railroad Passenger Corp. v. Morgan,* 536 S.Ct. 2061, 2074 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)). As such:

> It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

*Id.* Here, the United States has alleged that the hostile work environment to which Amaya was subjected commenced in 2000 and continued unabated up until Beene's termination in March 2006. March 2006 is well within 300 days from the date that Amaya filed her sexual harassment charge with the Equal Employment Opportunity Commission on November 13, 2006. Accordingly, on its face, the Complaint is timely.

The County does not contest that the Complaint alleges Amaya was continuously harassed through March 2006 (making the United States' claim timely under *Morgan*). Rather, the County appears to believe that the United States must also allege that Amaya complained to management during the 300-day charge-filing period and that management failed to respond

during the 300-day charge filing period. *See* Def's Mem. at 3. The County's position reflects a clear misunderstanding of Title VII. The charge filing period does not depend upon when, or how often, a victim complains of harassment, it depends upon when the acts of harassment occurred. *See Morgan*, 536 S.Ct. at 2074-75.

Further, even if the United States needed to plead "culpable conduct" by the employer during the charge-filing period, *see* Def's Mem. at 5, the United States clearly has done so. In the context of coworker harassment, "culpable conduct" by the employer means that "the employer knew or should have known of the harassment and failed to take immediate and appropriate corrective action." *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 332 (6th Cir. 2008). The Sixth Circuit has explicitly recognized that an employer's knowledge of prior acts of harassment can support a claim that the employer had constructive knowledge of later acts by the same employee. *See id.* at 340. That is precisely the scenario alleged in the Complaint, *i.e.*, that many women complained about the harasser, Eugene Beene, and that the employer did nothing to remedy the problem. Therefore, the harassment of Amaya and others continued for many additional years until Beene physically assaulted his last victim and was finally terminated. *See id.* at 341 ("the best anti-discrimination policy in the world will not help the employer who, rather than fulfill its duty to act on complaints about a serial harasser, lets the known harasser continue to injure new victims.") (quoting citation omitted). Accordingly, there is absolutely no support for the County's position that the Complaint fails to allege actionable conduct by the employer during the 300-day charge-filing period.[2]

---

[2] Once discovery takes place, this issue will prove moot, as the evidence will reveal that Amaya not only complained of harassment within the 300 day charge-filing period, but also that her

7

### 2. The United States has alleged sufficient facts to support a hostile work environment

The County next argues that the Complaint must be dismissed for failure to allege a "'severe or pervasive' hostile work environment." Def's Mem. at 4-5. However, the Sixth Circuit has "made clear that harassment involving an 'element of physical invasion' is more severe than harassing comments alone." *Hawkins*, 517 F.3d at 334 (quoting *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 563 (6th Cir. 1999)). Here, the Complaint specifically alleges both. Namely, the Complaint alleges that Beene continuously made inappropriate sexual comments to Amaya *and* continuously touched Amaya inappropriately, including "touching her breast and behind." Compl. ¶¶ 6, 8. These allegations more than adequately allege severe or pervasive conduct, particularly at the pleadings stage. *See Swierkiewicz*, 534 U.S. at 515 (to survive a motion to dismiss under Federal Rule 12(b)(6), an employment discrimination plaintiff need not plead a prima facie case); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) ("[A] plaintiff alleging employment discrimination under Title VII may allege these claims quite generally."). Accordingly, there is no merit to the County's allegation that the conduct alleged was "sporadic" or "isolated" and cannot, as a matter of law, create a hostile work environment.

### 3. The United States has sufficiently alleged that the employer failed to act reasonably in response to allegations of coworker harassment

Lastly, the County argues for dismissal because the County claims it acted reasonably in response to complaints of harassment. *See* Def's Mem. at 1-3, 7. The County appears to believe that dismissal is warranted based upon its defensive allegations. Specifically, the County argues

---

supervisor completely ignored her complaint and failed to take any action to protect her.

that in March 2006, in response to a complaint by Rae Dickerson Mcgee regarding Beene touching her behind, the County conducted a prompt and thorough investigation culminating in Beene's termination. *See* Def's Mem. at 2-3. The County also alleges that it formally disciplined Beene in August 2001. *See id.* at 3. Accordingly, the County concludes, its "actions were reasonable and do not support a hostile work environment case, based on the standard that applies to co-worker harassment." *Id.* at 7.

However, the United States' Complaint, which must be taken as true at this stage, tells a very different story. *See Swierkiewicz*, 534 U.S. at 508 n.1 (when ruling on a defendant's "motion to dismiss, [the Court] must accept as true all factual allegations contained in the complaint."). Specifically, the Complaint alleges that the County's actions *were not* reasonable with respect to Amaya. The Complaint asserts that Amaya repeatedly complained to her supervisor both in February 2000 and also thereafter. In response, the Complaint alleges, nothing was done and the harassment continued. *See* Compl. ¶ 8. The Complaint also asserts that "[p]rior to and following Amaya's complaint in February 2000, numerous other women employed by the County complained about, or were subjected to, inappropriate sexual touching by Beene, thus placing the County on clear notice that Beene was a serial harasser." *Id.* ¶ 9. Finally, the Complaint asserts that "[d]espite the serial nature and severity of Beene's conduct, he remained employed by the County with unrestricted access to the work areas of the female victims whom he had harassed, including Amaya. As a result, the hostile work environment continued unabated." *Id.* ¶ 10. These allegations more than adequately state a claim.

9

## III. CONCLUSION

The County's motion is nothing more than a demand that the United States litigate its case at the pleadings stage. However, because the Complaint in this action fully meets the requirements of the Federal Rules of Civil Procedure, the County's motion must be denied.

Dated: January 29, 2009

Respectfully submitted,

DONALD DAVIS
United States Attorney

LORETTA KING
Acting Assistant Attorney General

__/s/ Carolyn Almassian__          By:      __/s/ Leslie M. Gardner__
CAROLYN ALMASSIAN                           JOHN M. GADZICHOWSKI
Assistant United States Attorney            Chief (WI Bar No. 1014294)
P.O. Box 208                                ESTHER G. LANDER
Grand Rapids, MI 49501-0208                 Deputy Chief (DC Bar No. 461316)
                                            LESLIE M. GARDNER
                                            Senior Trial Attorney (CA Bar No. 228693)
                                            Employment Litigation Section, PHB 4038
                                            Civil Rights Division
                                            United States Department of Justice
                                            950 Pennsylvania Avenue, NW
                                            Washington, DC 20530
                                            (202) 307-3925 (phone)
                                            (202) 514-1005 (fax)
                                            Email: leslie.gardner@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing Memorandum in Opposition to Defendant's Motion for a More Definite Statement or Alternatively to Dismiss was filed electronically through the Court's ECF system on January 29, 2009 for automatic transmission by the ECF system to all counsel of record.

Dated: January 29, 2009

By:  /s/ Leslie M. Gardner
Leslie M. Gardner (Cal. Bar No. 228693)
Employment Litigation Section, PHB 4038
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 307-3925
(202) 514-1005 (fax)
Email: leslie.gardner@usdoj.gov
Counsel for Plaintiff United States
