**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

and                                                          Case No. 1:08cv1214

EVA AMAYA ,                                                Hon. Robert J. Jonker

        Intervenor-Plaintiff

v.

COUNTY OF MUSKEGON,

        Defendant.

_____

**TO:    All Muskegon County workers and management in the Kobza Hall of Justice**

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.
WORK RULES THAT APPLY TO YOU MAY BE EFFECTED BY THIS LAWSUIT.**

        The United States, Eva Amaya (a former Muskegon County employee) and the County of Muskegon have agreed to settle a lawsuit titled <u>United States, et al v. County of Muskegon</u>, Case No. 1:08cv1214, with a Consent Decree.  No other County workers were parties to the lawsuit, and the Consent Decree does not affect the rights of any other County workers to file a lawsuit.  The Consent Decree will, however, result in changes to County policy that may affect you.

        The proposed Consent Decree will not become final unless the Court approves it as neither unconstitutional, illegal, unreasonable nor contrary to public policy.  This Notice explains the terms of the Consent Decree and how it may affect you.  This Notice tells you how and when the Court will decide whether to approve the Consent Decree, and how to object to (legally challenge) the Consent Decree.

        This is only a summary.  The complete terms of the proposed Consent Decree are in the Consent Decree itself.  A copy of the Consent Decree has been filed with the Court and is available online at < http://co.muskegon.mi.us/eeo/consentdecree.htm >.

### What the *United States, et al v. County of Muskegon* Lawsuit Is About

This lawsuit was filed by the United States following an investigation and referral by the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that a former Muskegon County worker, Eva Amaya, was subjected to a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964. Eva Amaya shared an office with a co-worker named Eugene Beene, who Amaya and the United States allege sexually harassed Amaya over a period of several years. Eva Amaya and the United States allege that the conduct of Beene toward Amaya was sufficiently severe and pervasive as to subject Amaya to a sexually hostile work environment. Eva Amaya and the United States allege that Amaya complained about the sexual harassment and that County management failed to take prompt and effective remedial action to address the sexual harassment by Eugene Beene. The United States and Amaya also allege, based on other incidents involving Beene and other co-workers, known to Muskegon County management, that the County either knew or should have known of Beene's conduct toward Amaya.

The County denies that it has discriminated against Ms. Amaya and denies that it has violated Title VII or any state law. The County of Muskegon denies that the County engaged in any wrong-doing, denies any liability, denies that County managers received any reports of sexual harassment from Amaya, and the County also contends that its management took prompt and effective remedial action, proportional to the conduct, on prior occasions when complaints of unwelcome touching were received about Eugene Beene.

Although the County of Muskegon has denied and continues to deny any wrongdoing or liability in this case, and has given up none of its defenses, it has agreed to settle this case on the terms explained in this Notice in order to avoid the burden of an expensive and time-consuming lawsuit with an uncertain outcome. Accordingly, the United States, the County of Muskegon, and Amaya have agreed on the proposed Consent Decree, as described in this Notice.

The United States, Amaya and the County of Muskegon believe that this Consent Decree is advantageous to the parties, to the workers and managers of Muskegon County, and in the public interest, more so than continuing to litigate this case through trial, which would be expensive and would likely take an extended period of time with no guarantee of success for any party. The Consent Decree provides substantial benefits to Muskegon County workers, in the form of beneficial changes in the County's anti-harassment policy, relatively quickly, and the parties recommend its approval.

### Consent Decree Benefits For All County Workers

1. The County will be enjoined from "engag[ing] in any act or practice that discriminates against any employee or applicant on the basis of sex in violation of Title VII."

2. The County will be enjoined from "retaliat[ing] against or in any way adversely affect[ing] the terms and conditions of employment of any person because that person has

opposed any practice made unlawful by Title VII, filed a charge with the [EEOC], or testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII, including this case or this Decree."

       3.      Within forty-five (45) days from the date of entry of the Consent Decree, the County is required to submit, for review and approval by the United States, proposed modifications to its anti-discrimination policies and procedures that prohibit sex discrimination. These modifications must include a clarification of what constitutes a complaint, a description of the circumstances under which an internal investigation of a complaint of harassment will be initiated, avenuess for reporting harassment to supervisors or the County's Equal Opportunity Officer, and the obligations of supervisors triggered by an employee's complaint.

       4.      Within fifteen (15) days from the date on which the United States approves the proposed modifications to the County's anti-discrimination policies and procedures, the County is required to implement the modified policies and procedures, and to distribute copies of such modified policies and procedures to all employees in the 60th District Court and the 14th Circuit Court. The County must also post such modified policies and procedures in all places used for posting general information to employees in the 60th District Court and 14th Circuit Court.

       5.      Not later than thirty (30) days from the date on which the United States approves the proposed modifications to the County's anti-discrimination policies and procedures, the County is required to provide, at its own cost, mandatory training on the law of equal employment opportunity and prohibited discrimination based on sex to all supervisory employees in the 60th District and 14th Circuit Courts, including all managers.

       6.      The County is subject to specified document retention requirements for formal and informal complaints of sex discrimination made by employees in the 60th District and 14th Circuit Courts; and also must maintain records of the mandatory training.

       7.      The County will be subject to review of its compliance with these changes of procedures by the United States for a period of two years.

       The Consent Decree also includes specific relief for Eva Amaya, in the form of a lump-sum cash payment. The Consent Decree does not include any form of compensation for any other County worker or former County worker. The Consent Decree does not effect, release, or waive any claims of any County worker or former County worker, other than Ms. Amaya, to the extent that such claims may exist and be viable.

## What Happens Next

To approve the Consent Decree, the Court must determine that the terms of the Consent Decree are neither unconstitutional, illegal, unreasonable nor contrary to public policy.  If it is approved by the Court, the Consent Decree will be binding on the United States, Eva Amaya, and the County of Muskegon, and you do not have to do anything in order to receive the benefits set forth above, in the form of revisions to County anti-discrimination policies.  However, if the Court does not approve the Consent Decree, it will not go into effect and the lawsuit will continue.

## Objections

### i. Who may Object

Any worker or manager of the County of Muskegon may "object to" (legally challenge) any aspect of the Consent Decree.  The Court will consider your objections when it decides whether or not to approve the Consent Decree.  Unless the parties agree, the Court cannot modify the Consent Decree, but can only approve or disapprove it in its entirety.  The mere filing of an objection by you or another County worker or manager will not affect the benefits provided under this Consent Decree unless the Court determines not to approve this Consent Decree.  United States and Muskegon County may make some agreed appropriate modifications of the Consent Decree based upon objections.

### ii. Process for Objecting

To object to the Consent Decree, you may either file your written objection directly with the Court by April 23, 2009, or you may send your written objection to the United States to file with the Court for you.  If you choose to send your objection to the United States, it is your obligation to ensure that it is <u>received</u> by the United States no later than April 23, 2009.  Please note that documents sent via U.S. Mail are subject to delay due to security measures.  It is therefore recommended that objections submitted to the United States be sent by fax, electronic mail, or delivery service.  The contact information for submitting objections to the United States is:

| | |
|---|---|
| Via Delivery Service:<br>(Do not send via U.S.<br>Mail to this address) | Leslie Gardner, Esq.<br>United States Department of Justice<br>Civil Rights Division<br>Employment Litigation Section - PHB Room 4038<br>601 D Street, NW<br>Washington, DC 20004 |
| Fax: | 202-514-1005 |
| E-mail: | leslie.gardner@usdoj.gov |

The United States will electronically file with the court any objections received before the Court's April 23, 2009 deadline. Any person who does not follow these procedures may not be allowed to be heard as to the fairness or reasonableness of the proposed Consent Decree at the Fairness Hearing. Failure to file timely objections shall be deemed a waiver of objections.

### iii.     Deadline for Objections

To have your objections considered by the Court, they must filed with the Court or received by the United States no later than April 23, 2009.

### Schedule and Location of Fairness Hearing

The Fairness Hearing to consider timely objections will be held before Judge Robert J. Jonker at 2:00 p,.m. on May 18, 2009 in Courtroom 699 of the United States Courthouse, 110 Michigan Street, NW, Grand Rapids, MI 49503. If no timely objections have been filed, the Court may, in its discretion, cancel the hearing and approve the Consent Decree.

### How To Get More Information

All documents filed in this lawsuit, including the proposed Consent Decree, can be reviewed at the Office of the Clerk, United States District Court for the Western District of Michigan, 399 Federal Building; 110 Michigan Street, NW, Grand Rapids, MI 49503, during regular business hours, or through the Court's electronic filing system at http://www.miwd.uscourts.gov/ecf.htm. Please direct letters, phone calls, e-mail or other specific inquiries about the Consent Decree to the United States, not to the Clerk's Office or the Court (though objections may, of course, be filed directly with the Court). You may also call the United States at 202-307-3925.